WHEELER LINDSLEY *vs.* ALEXANDER H. FREEMAN and others.

1. An order of justices and surveyors, purporting to be made by virtue of the 32d section of the road act, quashed because it did not appear that they directly decided that any person had encroached on the highway, but only determined where the road ought to run.

2. A notice to an adjacent land-holder to appear, given on the day of meeting, held not to be sufficient.

This was a *certiorari* to two justices and surveyors of the county of Essex to bring up an order, professing to determine in regard to encroachments alleged to have been made upon a certain highway in the township of Orange, known as Valley street.

Argued before Justices ELMER, POTTS, and VREDENBURGH.

*W. Pennington*, for plaintiff.

*Runyon*, for defendants.

The opinion of the court was delivered by

ELMER, J. The order of the justices and surveyors, brought before us by this *certiorari*, is erroneous, and must be set aside. It does not determine who had encroached on the highway, or that they were doubtful who had encroached, and had therefore directed the overseer to open the same equally on each of the proprietors or possessors of the adjacent lands, as the 32d section of the road act, under which they professed to proceed, authorizes. The jurisdiction thereby conferred is limited and special, and must be strictly pursued. The decision of the Court of Errors in the case of *Vantilburgh* v. *Shann*, 4 *Zab.* 740, that the owners or possessors of lands adjacent to a highway, alleged to have made encroachments thereon, are entitled to reasonable notice of the time and place of the meeting to determine the same, went on the ground that such owners or possessors are necessary parties to the proceeding, whose interest will be affected by the determination.

Instead of directly deciding who had encroached, and how, this order, after reciting an application to them by the surveyor, and that notice was given to all the proprietors and possessors of the adjacent lands, proceeds as follows: "We do determine said road to be three rods wide, and that the middle of said road is ascertained to be as follows (describing a line by numerous courses and distances and monuments), as by reference to a map of said road (annexed) will appear, and which said several courses and distances we do determine to be the true and proper line of the centre of said highway; and we do order the said overseer to open the same according to this our determination, so that the said line, as above designated, shall be the line thereof."

This mode of proceeding would be very proper if the justices and surveyors had been intrusted with the duty of laying out a road, but it was not in form or in sub-

stance a determination of the matters submitted to them. It amounted only to a decision that the road ought to run where they placed it; but it was not a decision that the prosecutor or any one else had encroached on it. This question they were bound to decide directly, and not leave it to inference.

The depositions submitted to us show that in several instances bargains were made with the proprietors of the land, so as to avoid opposition to establishing the road where it was thought advisable it should be made to run; and this circumstance serves to show still more clearly, what would be inferred from the face of the papers, that the whole proceeding amounted to the laying out of a three-rod road, and not to the mere determination of the fact that certain encroachments had been made, which were ordered to be removed. One of the justices states that they adjudged that the prosecutor had encroached on the road; and that this judgment was arrived at by first determining that the road was intended to be three rods wide, and that the land to make it three rods wide should come off those who could best afford to lose it.

It clearly appears, also, that the prosecutor did not receive reasonable notice of the time and place the justices and surveyors were to meet. A written notice was handed to his hired man on his ground, but it appears he never delivered it. On the afternoon of the day Mr. Lindsley was informed of the meeting, and came to the road. This was not a reasonable notice. Let the order be quashed.

CITED in *State* v. *Pierson,* 8 *Vr.* 217.